Michael L. Rodenbaugh
California Bar No. 179059
Marie E. McCann
California Bar No. 292962
RODENBAUGH LAW
548 Market Street
San Francisco, CA  94104
(415) 738-8087

Attorneys for DENSO CORPORATION

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DENSO CORPORATION, a Japanese corporation, | : | Case No. 14-cv-01050 |
| Plaintiff, | : | |
| | : | **COMPLAINT** |
| vs. | : | |
| Domain Name <denso.com> and Doe(s) 1-20, | : | |
| Defendants. | : | |
| | : | |
| _____ | : | **DEMAND FOR JURY TRIAL** |

As its Complaint in this action, DENSO CORPORATION makes the following allegations:

### THE PARTIES

1.      DENSO CORPORATION ("Plaintiff") is a Japanese corporation with its principle place of business located in Japan.

2.      Plaintiff is a leading supplier of advanced automotive technology, systems and components for all the world's major automakers, operates in more than 30 countries and regions, and has approximately 130,000 employees.

3.      The domain name <denso.com> ("Defendant Domain") is registered in the .com generic Top Level Domain name space, operated by domain name registry Verisign,

COMPLAINT
Case No. 14-cv-01050

**Rodenbaugh Law**
548 Market Street
San Francisco, CA 94104
415.738.8087

1

Inc., which maintains a corporate office in San Francisco, California.  The Defendant Domain was formerly owned by Plaintiff and was used to refer internet users to Plaintiff's website and business in association with corresponding DENSO trademarks.  Those trademarks are registered with the U.S. Patent and Trademark Office ("USPTO") and elsewhere internationally.

4.      Doe Defendants include the current registrants of the Defendant Domain who are unknown, and have registered and used the Defendant Domain in bad faith to infringe upon Plaintiff's trademarks.  Plaintiff is presently unable to locate the Doe Defendants who are the unknown registrants and/or users of the Defendant Domains, as they are registered via a "WHOIS privacy" service located in Russia.  Plaintiff expects that further investigation may reveal the identities of Doe Defendants.

## NATURE OF THE CASE

5.      Plaintiff brings this *in rem* action under the Anti-cybersquatting Consumer Protection Act of 1999, 15 U.S.C. § 1125(d) ("ACPA"), to recover the Defendant Domain, which has been cybersquatted by Doe Defendants for their commercial gain.

6.      In 2003, the Defendant Domain was the subject of an administrative proceeding under ICANN's Uniform Dispute Resolution Policy ("UDRP").  The expert arbitrator found that registrants were using the Defendant Domain in bad faith and ordered that it be transferred to Complainant, herein Plaintiff.

7.      Following the UDRP proceeding, both the registrant and registrar refused to transfer the Defendant Domain to Plaintiff, in violation of the UDRP.  Instead, they engaged in a number of bad faith ownership and registration transfers to prevent Plaintiff from obtaining possession of the Defendant Domain.

8.      The ACPA explicitly allows a trademark owner to proceed *in rem* against a domain name when the domain name registrant has a bad faith intent to profit from a mark,

COMPLAINT
Case No. 14-cv-01050

**Rodenbaugh Law**
548 Market Street
San Francisco, CA 94104
415.738.8087

2

and the registrant cannot be found through due diligence or the Court lacks personal jurisdiction over the registrant.

9.      Plaintiff was injured when Defendant Domain was registered by Doe Defendants, who then used Defendant Domain to direct internet users to a website where men could arrange sexual encounters with foreign women.  Doe Defendants continue to injure Plaintiff by falsely suggesting that the website connected via the Defendant Domain is connected with Plaintiff.  This content reflects poorly on Plaintiff who owns trademarks corresponding to the Defendant Domain and does business under the DENSO name.  Many internet users would reasonably believe that the Defendant Domain is controlled by Plaintiff, and would seek Plaintiff's products and information about Plaintiff via use of the Defendant Domain – only instead to be referred to a website controlled by Doe Defendants.

10.      Plaintiff is further injured by Doe Defendants' bad faith refusal to transfer the Defendant Domain to Plaintiff, even after transfer was mandated via administrative UDRP order in 2003, and again by the Supreme Court of Russia in 2008.

11.      Plaintiff files this action so that the domain name registry, Verisign, Inc., will lock Defendant Domain so it cannot be further transferred during the pendency of this action, and to request this honorable Court to order the transfer of the Defendant Domain to Plaintiff per the ACPA.

## JURISDICTION AND VENUE

12.      This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Trademark Act of 1946, 15 U.S.C. §§ 1121 and 28 U.S.C. §§ 1331 and 1338.  This court has *in rem* jurisdiction over Defendant Domain pursuant to § 43(d)(2)(A) of the Trademark Act of 1946, 15 U.S.C. §125(d)(2)(A).  Defendant Domain is currently registered by persons or entities purportedly located in foreign countries, hiding behind a domain name privacy service.

COMPLAINT
Case No. 14-cv-01050

**Rodenbaugh Law**
548 Market Street
San Francisco, CA 94104
415.738.8087

3

13.     Venue is proper in this judicial district pursuant to § 43(d)(2)(C) of the Trademark Act of 1946, 15 U.S.C. § 1125 (d)(2)(C), in that a domain is deemed to have situs in the judicial district where the domain name registry is located.  VeriSign, Inc., the domain name registry for all of the Defendant Domains, maintains one of its two United States corporate offices in this judicial district, at 185 Berry Street, Wharfside Building, Suite 1000, San Francisco, CA 94107.

## FACTS

14.     Plaintiff is a leading supplier of advanced automotive technology, systems and components for all the world's major automakers, and operates in more than 30 countries and regions with approximately 130,000 employees.

15.     Plaintiff has numerous USPTO trademark registrations and a pending application corresponding to the Defendant Domain:

   a.  DENSO, registration no. 2409698, registered on December 5, 2000, in International Classes 007, 009, 011, 012 and 037.

   b.  DENSO, registration no. 3058385, registered on February 14, 2006, in International Classes 007, 009, 011, 012 and 037.

   c.  DENSO, registration no. 3909641, registered on January 25, 2011, in International Classes 001, 003, 004, 005, 006, 007, 008, 010, 011, 012, 014, 016 and 017.

   d.  DENSO, registration no. 3963936, registered on May 24, 2011, in International Classes 035, 036, 037, 038, 039, 041, 042 and 045.

   e.  DENSO, registration no. 4344605, registered on June 4, 2013, in International Classes 001, 006, 007, 014, 017, 035, 036, 037, 038, 040, 041, 042 and 045.

COMPLAINT
Case No. 14-cv-01050

f.   DENSO, application no. 85538472, applied for on February 9, 2012, in International Classes 001, 007, 009, 011, 012, 028, 035 and 037.

16.   In August 1996, a subordinate company of Plaintiff (the "subordinate company") received the Defendant Domain as a transfer from the previous owner of the Defendant Domain.  At the time, Defendant Domain was registered through Network Solutions, Inc. ("NSI").

17.   In February 1998, the subordinate company renewed the Defendant Domain's registration through March 6, 2000.  However, the Whois information still listed the previous owner as the registrant of Defendant Domain, with an individual at the subordinate company listed as the administrative and billing contact.

18.   Between December 1999 and February 2000, NSI attempted to notify company about the upcoming expiration of the registration for the Defendant Domain.  The individual listed as the administrative and billing contact left the subordinate company prior to receiving the notices.  The subordinate company was therefore unaware of the notices and never responded.

19.   On March 6, 2000, Plaintiff's registration of the Defendant Domain lapsed.

20.   On March 13, 2000, a Russian company registered the Defendant Domain. Subsequently, the company used the Defendant Domain to direct internet users to a website called "Foreign Affairs" that allowed American men to arrange sexual encounters with foreign women.

21.   Between January 2001 and March 2001 Doe Defendants engaged in a number of bad faith ownership transfers, listing three different registrants at two different addresses, making it difficult for Plaintiff to contact the registrant.

22.   On August 16, 2001, Plaintiff sent the then-listed registrant a letter requesting that the registrant transfer the domain to Plaintiff in exchange for any costs incurred by registrant in acquiring Defendant Domain.

COMPLAINT
Case No. 14-cv-01050

**Rodenbaugh Law**
548 Market Street
San Francisco, CA 94104
415.738.8087

5

23.     On September 21, 2001, the registrant at the time, Denso Ltd., replied that they were still formulating their position with regard to the Defendant Domain.

24.     On October 5, 2001, Plaintiff again emailed the registrant requesting an answer to their initial offer.  Registrant responded that same day, but refused Plaintiff's offer.

25.     Subsequently, on June 23, 2003, Plaintiff filed a UDRP administrative action in an effort to recover the Defendant Domain from registrant, WIPO Case No. 2003-0482.

26.     On November 3, 2003, the expert arbitration panel from the World Intellectual Property Organization ("WIPO") released its decision finding that the registrant registered and used the Defendant Domain in bad faith, recognizing Plaintiff's rights in Defendant Domain, and ordering the transfer of Defendant Domain to Plaintiff.

27.     Following the decision, both the registrant and registrar of Defendant Domain refused to transfer Defendant Domain to Plaintiff.

28.     Subsequently, the Registrant filed a claim with the Arbitrazh Court of the City of St. Petersburg and the Leningrad Region in Russia disputing Plaintiff's rights to the Defendant Domain.  After numerous appeals, Plaintiff ultimately prevailed in the Russian Supreme Court via a published decision dated November 11, 2008.  Again, the registrant and registrar of Defendant Domain refused to transfer the Defendant Domain to Plaintiff.

29.     Currently, the Defendant Domain resolves to a website used for Doe Defendants' sole commercial purposes, and in a manner that internet users, customers and prospective customers of Plaintiff are likely to believe this website is somehow affiliated with Plaintiff.

30.     Both the registrant and registrar of the Defendant Domain have continually refused to transfer Defendant Domain to Plaintiff's control, despite orders by WIPO and the Russian Supreme Court recognizing Plaintiff's ownership rights in Defendant Domain.

COMPLAINT
Case No. 14-cv-01050

**Rodenbaugh Law**
548 Market Street
San Francisco, CA 94104
415.738.8087

6

1  Instead they have made numerous bad faith transfers of the Defendant Domain to prevent

2  Plaintiff from regaining control of the Defendant Domain despite diligent attempts to do so.

3

4

5

6  **CLAIMS FOR RELIEF**

7  **COUNT I: CYBERPIRACY UNDER 43(D) OF THE LANHAM ACT**

8  **15 U.S.C. § 1125(d)(1)(A)**

9      31.    Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth

10  herein.

11     32.    The public has come to expect that a company's corporate or product website

12  can be found at a domain name that consists of or includes that company's name or

13  trademark or variations thereof.  A domain name incorporating a corporate name or

14  trademark is therefore a valuable corporate asset that allows potential customers and other

15  Internet users to obtain information about that owner and its products.  For this same reason,

16  a domain name misappropriating the corporate name or trademark of another entity creates

17  the potential for damaging consumer confusion because an Internet user may reasonably

18  assume that the domain name is sponsored by, affiliated with, or somehow approved by the

19  owner of the corporate name or trademark.  Such domain names also dilute the

20  distinctiveness of a trademark, and can also tarnish the mark if used with unsavory content

21  or inferior goods or services.

22     33.    Through many years of use in U.S. and international commerce, Internet

23  users have come to associate the Defendant Domain with Plaintiff and its products.  Plaintiff

24  also owns numerous USPTO trademark registrations and one application corresponding to

25  the Defendant Domain.  Therefore, Plaintiff has strong trademark rights in the Defendant

26  Domain.

COMPLAINT
Case No. 14-cv-01050

**Rodenbaugh Law**
548 Market Street
San Francisco, CA 94104
415.738.8087

7

34.     Both WIPO and the Russian Supreme Court have recognized Plaintiff's superior rights in Defendant Domain and have ordered the transfer of Defendant Domain to Plaintiff's control.

35.     The registration, use, and/or trafficking in the corresponding Defendant Domains violates the rights of Plaintiff in their trademarks under 15 U.S.C. § 1125 (d) (1) (A).

36.     The Defendant Domain is identical to Plaintiff's distinctive and famous trademark, adding only the ubiquitous '.com' TLD to indicate the commercial nature of the domain name's use.  The Defendant Domain has been and still is used to create a likelihood of confusion among Internet users seeking Plaintiff's products and services.

37.     The Doe Defendants acted with a bad faith intent to profit from Plaintiffs' trademarks and the good will associated therewith, within the meaning of Section 43(d)(1)(A)(i) of the Lanham Act.

38.     The Defendant Domain is a cybersquatted, identical version of Plaintiff's trademark, causing significant injury and damage to Plaintiff and its business.

39.     The Plaintiffs' injury can be alleviated by the court-ordered return of the Defendant Domain to Plaintiff's rightful ownership and possession.

40.     Plaintiffs' further investigation may also reveal Doe Defendants who should be held liable for damages to further redress Plaintiffs' injury, including statutory damages under the ACPA of up to $100,000 per cybersquatted domain name.

## COUNT II: CONVERSION

41.     Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

42.     Plaintiff is the rightful owner of the Defendant Domain.  Both WIPO and the Russian Supreme Court have recognized Plaintiff's superior rights in the Defendant Domain

COMPLAINT
Case No. 14-cv-01050

**Rodenbaugh Law**
548 Market Street
San Francisco, CA 94104
415.738.8087

8

1  and ordered that the Defendant Domain be transferred to Plaintiff's control.  Still, Doe
2  Defendants, including without limitation the registrant and registrar of the Defendant
3  Domain, refuse to transfer Defendant Domain to Plaintiff's control.

4  43.    This conversion of Plaintiff's valuable domain name property has caused
5  damage to Plaintiffs, and is likely to continue to cause damage to Plaintiffs until this
6  honorable Court orders the transfer of the Defendant Domain to Plaintiff.

7  **COUNT III:  COMMON LAW UNFAIR COMPETITION**

8  44.    Plaintiff incorporates each of the foregoing paragraphs as if fully set forth
9  herein.

10  45.    Doe Defendants have ignored the results of administrative proceedings, and
11  of Russian judicial proceedings, each culminating with an order of transfer of the Defendant
12  Domain to Plaintiff.

13  46.    Doe Defendants' wrongful and baseless acts have prevented Plaintiff from
14  recovering title to the Defendant Domain, and from utilizing that valuable property in
15  Plaintiff's business.

16  47.    As a result of Doe Defendants' past and continued wrongful acts, Plaintiff
17  has incurred damages in an amount to be proved at trial, including compensation for
18  Plaintiff's time, effort, costs and attorneys' fees incurred in this matter and in the prior
19  administrative and judicial proceedings relating to the Defendant Domain.

20  **COUNT IV:  UNFAIR COMPETITION**

21  **CAL. BUS. & PROF. CODE SEC. 17200,** *et seq.*

22  48.    Plaintiff incorporates each of the foregoing paragraphs as if fully set forth
23  herein.

COMPLAINT
Case No. 14-cv-01050

**Rodenbaugh Law**
548 Market Street
San Francisco, CA 94104
415.738.8087

9

49.     Doe Defendants' wrongful acts, as described in this Complaint, are unlawful, unfair and fraudulent, and cause damage to Plaintiff and injure its business, in violation of section 17200 *et seq* of the California Business and Professions Code.

50.     As a result of Doe Defendants' past and continued wrongful acts, Plaintiff has incurred damages in an amount to be proved at trial, including compensation for Plaintiff's time, effort, costs and attorneys' fees incurred in this matter and in the prior administrative and judicial proceedings relating to the Defendant Domain.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests that all issues in this case be decided by a jury.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor:

A.      Requiring the domain name registry Verisign and the current domain name registrar for the Defendant Domain to transfer the registration of Defendant Domain to Plaintiff; and,

B.      Awarding damages, attorneys' fees, costs, and such other relief as this Court may deem appropriate.

RESPECTFULLY SUBMITTED,

DATED:  March 6, 2014

By: _Mike Rodenbaugh_

Mike Rodenbaugh
RODENBAUGH LAW
584 Market Street
San Francisco, CA  94104
Tel/fax:  (415) 738-8087

COMPLAINT
Case No. 14-cv-01050

Rodenbaugh Law
548 Market Street
San Francisco, CA 94104
415.738.8087

10

Attorneys for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

COMPLAINT
Case No. 14-cv-01050

**Rodenbaugh Law**
548 Market Street
San Francisco, CA 94104
415.738.8087

11