Mike Rodenbaugh
California Bar No. 179059
Marie E. McCann
California Bar No. 292962
RODENBAUGH LAW
548 Market Street
Box 55819
San Francisco, CA 94104
(415) 738-8087

Attorneys for DENSO CORPORATION

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENSO CORPORATION, a Japanese corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Domain Name <denso.com> and Doe(s) 1-20,<br><br>Defendants. | Case No. 14-cv-01050 LB<br><br>**STIPULATED MOTION TO DIRECT VERISIGN TO PLACE DEFENDANT DOMAIN ON REGISTRY LOCK STATUS** |

    Per Local Rules 7.11 and 7.12, Plaintiff respectfully request the Court to order non-party Verisign, Inc. ("Verisign") to lock the domain name denso.com ("Defendant Domain") pending the resolution of this action, by placing it in "Registry Lock" status. Non-party Verisign stipulates to this motion, and there is no other affected party known to Plaintiff.

    Plaintiff contends that the language from the Anti-cybersquatting Consumer Protection Act ("ACPA") on its face appears to require Verisign to lock the domains, except in case of a court order. Specifically, 15 U.S.C. § 1125 (d)(2)(D)(i)(II) states that a domain name registry shall "not transfer, suspend or otherwise modify the domain name during the

STIPULATED MOTION TO PLACE DEFENDANT
DOMAIN ON REGISTRY LOCK STATUS
Case No. 14-cv-01050 LB

Rodenbaugh Law
548 Market Street
San Francisco, CA 94104
415.738.8087

1

pendency of an action, except upon order of the court." Here, Defendant Domain is registered in the .com generic Top Level Domain name space, operated by domain name registry Verisign and is subject to Verisign's control. Therefore, Verisign should be required to lock the domain so it cannot be transferred during the pendency of this action.

Verisign, however, maintains that this provision must be read in conjunction with another provision of the ACPA, 15 USC 1125(d)(2)(A), which states that "The owner of a mark may file an *in rem* civil action against a domain name in the judicial district in which the domain name registrar, domain name registry, or other domain name authority that registered or assigned the domain name is located . . . ." Another provision, 15 USC 1125(d)(2)(C)(i), provides that "a domain name shall be deemed to have its situs in the judicial district in which the domain name registrar, registry or other domain name authority that registered or assigned the domain name is located". Respectfully, Verisign maintains that the portions of 15 USC 1125(d) quoted by the Plaintiff are predicated upon a complaint filed "under this paragraph" which necessarily requires compliance with the venue rules identified above. Furthermore, Verisign maintains that it is not located in this district for purposes of the statute.

Plaintiff respectfully disagrees with Verisign's arguments, but wishes to avoid unnecessary motion practice as to ACPA statutory interpretation and/or whether Verisign is "located" in this District for purposes of the statute. It is more important that the Defendant Domain is promptly locked during the pendency of this action to prevent further damage, as clearly contemplated by the ACPA. Plaintiff avers that 15 USC 1125(d)(2)(A) is discretionary and not exclusive as to venue. Moreover, 15 USC 1125(d)(2)(C) is stated in the alternative, and per subsection (ii) the registry is also located in the judicial district in which "documents sufficient to establish control and authority regarding the disposition of the registration and use of the domain name are deposited with the court." Plaintiff also believes that Verisign is located in this district, within the meaning of the statute.

STIPULATED MOTION TO PLACE DEFENDANT
DOMAIN ON REGISTRY LOCK STATUS
Case No. 14-cv-01050 LB

**Rodenbaugh Law**
548 Market Street
San Francisco, CA 94104
415.738.8087

2

1     Without prejudice to its arguments, Verisign agrees to lock the Defendant Domain, provided that the court orders them to do so.  Therefore Verisign stipulates to this motion and to the proposed order.

    The court may order Verisign to lock Defendant Domain to prevent further transfers, pursuant to 15 U.S.C. § 1125 (d)(2)(D)(i)(II).  Therefore, Plaintiff requests the Court to order Verisign to lock Defendant Domain to prevent further transfer.

                                    RESPECTFULLY SUBMITTED,

DATED:  March 13, 2014                  By: /s/ *Mike Rodenbaugh*

                                              Mike Rodenbaugh
                                              RODENBAUGH LAW
                                              584 Market Street
                                              Box 55819
                                              San Francisco, CA  94014
                                              Tel/fax:  (415) 738-8087

                                              Attorneys for Plaintiff

In acknowledgement of Verisign's consent to this motion:

By: /s/ *James Hubler*

    James Hubler
    Verisign, Inc.
    Senior Corporate Counsel
    12061 Bluemont Way
    Reston, VA  20190
    Tel:  (703) 948-4370

STIPULATED MOTION TO PLACE DEFENDANT
DOMAIN ON REGISTRY LOCK STATUS
Case No. 14-cv-01050 LB

Rodenbaugh Law
548 Market Street
San Francisco, CA 94104
415.738.8087

3