Adrianos Facchetti (SBN. 243213)
Of Counsel for TRAVERSE LEGAL, PLC
301 East Colorado Boulevard, Suite 514
Pasadena, CA  91101
Tel.:  (626) 793-8607
Fax:  (626) 793-7293
adrianos@facchettilaw.com

Enrico Schaefer  (*Pro Hac Vice*)
TRAVERSE LEGAL, PLC
810 Cottageview Drive, Unit G-20
Traverse City, Michigan 49684
Tel.:  (231) 932-0411
Fax:  (231) 932-0636

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENSO CORPORATION, a Japanese corporation<br><br>Plaintiff,<br><br>v.<br><br>Domain Name <denso.com>,<br><br>Defendant. | Case No. 2:14-cv-01050 LB<br>Hon Laurel Beeler |

### DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

NOW COMES Defendant <denso.com>  (hereinafter "Defendant") by and through its counsel, Enrico Schaefer and for its Answer to Plaintiff's First

Amended Complaint, states as follows:

1.  Defendant admits the allegation in Paragraph 1.

2.  Defendant neither admits nor denies the allegation in Paragraph 2 for lack of knowledge and therefore leaves Plaintiff to its proofs and therefore denies the allegation.

3.  Defendant admits the domain name <denso.com> registered as a top level domain with VeriSign registry, San Francisco, California, but nether admits nor denies the balance of the allegations in Paragraph 3 and leaves Plaintiff to its proofs.

4.  Defendant acknowledges that Plaintiff brings the action *in rem* under the ACPA but neither admits nor denies the balance of the allegations in Paragraph 4 for lack of knowledge and leaves Plaintiff to its proofs.

5.  Defendant admits that the Defendant Domain was the subject of an UDRP proceeding but neither admits nor denies the balance of the allegations in Paragraph 5 for lack of knowledge and leaves Plaintiff to its proofs.

6.  Defendant neither admits nor denies the allegations in Paragraph 6 for lack of knowledge and leaves Plaintiff to its proofs.

7.  Defendants admits the allegations in Paragraph 7.

8.  Defendant neither admits nor denies the allegations in Paragraph 8.

9.  Defendant neither admits nor denies the allegations in Paragraph 9

for lack of knowledge and leaves Plaintiff to its proofs.

10. Defendant neither admits nor denies the allegations in Paragraph 10 for lack of knowledge and leaves Plaintiff to its proofs.

11. Defendant admits the allegations in Paragraph 11.

12. Defendant admits the allegations in Paragraph 12.

13. Defendant neither admits nor denies the allegations in Paragraph 13 for lack of knowledge and leaves Plaintiff to its proofs.

14. Defendant neither admits nor denies the allegations in Paragraph 14 for lack of knowledge and leaves Plaintiff to its proofs.

15. Defendant neither admits nor denies the allegations in Paragraph 15 for lack of knowledge and leaves Plaintiff to its proofs.

16. Defendant neither admits nor denies the allegations in Paragraph 16 for lack of knowledge and leaves Plaintiff to its proofs.

17. Defendant neither admits nor denies the allegations in Paragraph 17 for lack of knowledge and leaves Plaintiff to its proofs.

18. Defendant neither admits nor denies the allegations in Paragraph 18 for lack of knowledge and leaves Plaintiff to its proofs.

19. Defendant neither admits nor denies the allegations in Paragraph 19 for lack of knowledge and leaves Plaintiff to its proofs.

20. Defendant neither admits nor denies the allegations in Paragraph 20

for lack of knowledge and leaves Plaintiff to its proofs.

21. Defendant neither admits nor denies the allegations in Paragraph 21 for lack of knowledge and leaves Plaintiff to its proofs.

22. Defendant neither admits nor denies the allegations in Paragraph 22 for lack of knowledge and leaves Plaintiff to its proofs.

23. Defendant neither admits nor denies the allegations in Paragraph 23 for lack of knowledge and leaves Plaintiff to its proofs.

24. Defendant neither admits nor denies the allegations in Paragraph 24 for lack of knowledge and leaves Plaintiff to its proofs.

25. Defendant admits that there was a UDRP proceeding and determination issues on November 3, 2003 against a prior registrant of the domain and further avers that the decision in the UDRP speaks for itself.

26. Defendant neither admits nor denies the allegations in Paragraph 26 for lack of knowledge and leaves Plaintiff to its proofs.

27. Defendant neither admits nor denies the allegations in Paragraph 27 for lack of knowledge and leaves Plaintiff to its proofs.

28. Defendant denies the allegations in Paragraph 28 as untrue.

29. Defendant admits the allegations in Paragraph 29.

30. Defendant admits that the current registrant has refused to transfer the domain name to Plaintiff and neither admits nor denies the balance of the

allegations in Paragraph 30 and leaves Plaintiff to its proofs.

31.  Defendant incorporates each and every response to the allegations contained in the foregoing paragraphs as if fully set forth herein.

32.  Defendant neither admits nor denies the allegations in Paragraph 32 for lack of knowledge and leaves Plaintiff to its proofs.

33.  Defendant neither admits nor denies the allegations in Paragraph 33 for lack of knowledge and leaves Plaintiff to its proofs.

34.  Defendant neither admits nor denies the allegations in Paragraph 34 for lack of knowledge and leaves Plaintiff to its proofs.

35.  Defendant admits that the registrant of the domain is located in the United Kingdom but neither admits nor denies the balance of the allegations in Paragraph 35.

36.  Defendant denies the allegations in Paragraph 36 because they are untrue.

37.  Defendant denies the allegations in Paragraph 37 because they are untrue.

38.  Defendant denies the allegations in Paragraph 38 because they are untrue.

39.  Defendant denies the allegations in Paragraph 39 because they are untrue.

40. Defendant denies the allegations in Paragraph 40 because they are untrue.

WHEREFORE Defendant respectfully requests that the court deny the relief request in Plaintiff's Complaint and enter Judgment in favor of the Defendant in this matter together with its costs and attorney fees.

Respectfully submitted this 7th day of January, 2014.

/s/ Enrico Schaefer
Enrico Schaefer  (*Pro Hac Vice*)
TRAVERSE LEGAL, PLC
810 Cottageview Drive, Unit G-20
Traverse City, Michigan 49684
Tel.:   (231) 932-0411
Fax:   (231) 932-0636
enrico@traverselegal.com

Adrianos Facchetti (SBN. 243213)
Of Counsel for TRAVERSE LEGAL, PLC
301 East Colorado Boulevard, Suite 514
Pasadena, CA  91101
Tel.:  (626) 793-8607
Fax:  (626) 793-7293
adrianos@facchettilaw.com

*Attorneys for Plaintiff*

## **DEFENDANT'S AFFIRMATIVE DEFENSES**

1. Plaintiff's ACPA claim is barred by a Doctrine of Laches or Statute of Limitations for failure to commence this action within a reasonable period of

time after such claim accrued.

2. Plaintiff's claims are barred under the Doctrine of Estoppel based upon the current registrant's investment of resources in developing the domains over a time period of four years when Plaintiff did nothing to contest the registrant's ownership of the <denso.com> domain.

3. Plaintiff will not be able to establish valid trademark rights nor bad faith necessary to prevail on its ACPA claim.

4. Plaintiff has failed to state a claim upon which can be granted under the ACPA against the Defendant Domain name's current registrant.

5. Defendant has waived its claim to the subject domain name in allowing the domain registration to lapse due to its own neglect and become available to other registrants.

6. The current registrant of the domain name, <densoft.com>, Densoft Consultancy Services, Ltd, is a bona fide purchaser of the Defendant domain therefore Plaintiff can have no valid rights to the subject domain.

7. Venue is or will become improper or inconvenient in this forum due to the current <denso.com> registrant's location in the United Kingdom.

8. Plaintiff has failed to properly effect service of process against the Defendant for failing to comply with the publication requirements under 15 U.S.C. 1125(d)(2)(A) of the ACPA.

Defendant reserves the right to add additional Affirmative Defenses that become known through discovery.

Respectfully submitted this 7th day of January, 2014.

       /s/Enrico Schaefer
       Enrico Schaefer  (*Pro Hac Vice*)
       TRAVERSE LEGAL, PLC
       810 Cottageview Drive, Unit G-20
       Traverse City, Michigan 49684
       Tel.:   (231) 932-0411
       Fax:   (231) 932-0636
       enrico@traverselegal.com

       Adrianos Facchetti (SBN. 243213)
       Of Counsel for TRAVERSE LEGAL, PLC
       301 East Colorado Boulevard, Suite 514
       Pasadena, CA  91101
       Tel.:  (626) 793-8607
       Fax:  (626) 793-7293
       adrianos@facchettilaw.com

       *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of January, 2014, I electronically filed the foregoing Defendant's Answer to Amended Complaint and Affirmative Defenses with the Clerk of the Court using the CM/ECF System.

/s/ Enrico Schaefer

Enrico Schaefer  (*Pro Hac Vice*)
TRAVERSE LEGAL, PLC
810 Cottageview Drive, Unit G-20
Traverse City, Michigan 49684
Tel.:  (231) 932-0411
Fax:   (231) 932-0636
enrico@traverselegal.com

*Attorneys for Plaintiff*